UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re:<br><br>Interstate Bakeries Corporation, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 04-45814 (JWV)<br><br>Jointly Administered |
| Lewis Brothers Bakeries Incorporated and Chicago Baking Company,<br><br>Plaintiffs,<br><br>v.<br><br>Interstate Brands Corporation,<br><br>Defendant. | Adversary No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Lewis Brothers Bakeries Incorporated and Chicago Baking Company, through their undersigned attorneys, and pursuant to Federal Rule of Bankruptcy Procedure 7001, hereby file this Complaint for Declaratory Judgment and state as follows:

### Jurisdiction

1. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001.

2. This Court has jurisdiction over the claims raised in this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. This adversary proceeding is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2).

**Parties**

4. On September 22, 2004, Interstate Bakeries Corporation and eight of its direct and indirect subsidiaries and affiliates (the "Debtors') filed their Chapter 11 voluntary bankruptcy petitions in the United States Bankruptcy Court for the Western District of Missouri (the "Court"), commencing the above-captioned jointly-administered chapter 11 reorganization cases.

5. Defendant Interstate Brands Corporation ("IBC" or "Defendant") is a Delaware Corporation and one of the Debtors.

6. Plaintiff Lewis Brothers Bakeries Incorporated ("LBB") is a Missouri corporation. Plaintiff Chicago Baking Company ("CBC," collectively with "LBB," "Plaintiffs") is an Illinois corporation and a subsidiary of LBB.

**Factual Background**

7. On or about January 9, 1996, the United States District Court for the Northern District of Illinois entered a final judgment (the "Antitrust Decree") in the antitrust action brought by the federal government against two of the Debtors, *U.S. v. Interstate Bakeries Corporation and Continental Baking Company* (N.D. Ill. Case No. 95 C 4194).

8. On December 27, 1996, in order to comply with the Antitrust Decree, IBC, CBC, and LBB entered into an asset purchase agreement (the "Asset Purchase Agreement"), under which IBC, for the consideration of a certain sum of money, sold its certain businesses located in Chicago and central Illinois to LBB and CBC.

9. Contemporaneous with the execution of the Asset Purchase Agreement and as an integral part of the Asset Purchase Agreement, IBC entered into a license agreement (the "License Agreement") with LBB and CBC and agreed to extend a license to LBB and CBC.

10. The Asset Purchase Agreement and the transaction thereunder were governed by a confidentiality provision under which the seller and the buyer should not disclose the related

information without a release. Accordingly, the Asset Purchase Agreement and the License Agreement are not attached to this complaint until a release can be obtained.

11. Under the License Agreement, IBC granted to LBB and CBC "a perpetual, royalty-free, assignable, transferable, exclusive" license (the "License") to use certain trademarks in certain territory.

12. The License plays an important role in the business operations of LBB and CBC, and LBB and CBC have spent many years and a substantial amount of money advertising and expanding the trade names that they received under the License Agreement. LBB and CBC will suffer significant damages if the License is terminated or they are otherwise unable to use the items licensed under the License Agreement.

13. On information and belief, the Debtors are in the process of rejecting or assuming executory contracts as the Debtors attempt to confirm a reorganization plan. It is uncertain as to whether the Debtors will treat the License Agreement as an executory contract or intend to reject or assume and assign the License Agreement, despite several attempts from LBB/CBC counsel to obtain clarification from the Debtors' counsel.

14. In or about October 2008, for example, counsel for LBB/CBC inquired of counsel for the Debtors about whether the Debtors intended to deal with the License Agreement in their reorganization plan, and whether the Debtors would agree to give LBB/IBC prior notice if they intended to treat the License Agreement as an executory contract or attempted to sell the License Agreement (or the licensed items under the Agreement) to another party. Counsel for the Debtors, however, refused to provide satisfactory assurance that IBC would not try to reject or assume and assign the License Agreement.

15. Plaintiffs have filed an objection [Docket No. 11616] to the Debtors' Chapter 22 Plan [Docket No. 1148] in order to seek clarification of how IBC will treat the License Agreement.

16. The uncertainty surrounding the License Agreement hinders the business planning and development of LBB and CBC.  To protect their interests, LBB and CBC need an expedited determination that the License Agreement is not an executory contract and cannot be rejected or assumed and assigned in IBC's bankruptcy proceeding.

### Count I – Declaratory Judgment That The License Agreement Between LBB And IBC And CBC Is Not An Executory Contract

17. Plaintiffs incorporate and reallege the allegations set forth in the preceding paragraphs as if fully set forth herein.

18. An actual, ripe and justiciable controversy exists between Plaintiffs and Defendant regarding whether IBC can reject or assume the License Agreement as an executory contract under 11 U.S.C. § 365, because the Debtors have refused to provide satisfactory assurance that IBC will not try to reject or assume and assign the License Agreement.

19. IBC cannot reject or assume and assign the License Agreement because it is not an executory contract within the meaning of 11 U.S.C § 365.

20. Under 11 U.S.C § 365, an executory contract is "a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." *In re Craig*,  144 F.3d 593, 596 (8th Cir. 1998) (citation and internal quotation marks omitted).

21. Because IBC granted LBB and CBC a perpetual, royalty-free license, for which LBB and IBC fully and completely paid all consideration due under the Asset Purchase Agreement, Plaintiffs have fully performed their obligations under the License Agreement.

22. Moreover, IBC entered into the Asset Purchase Agreement and the License Agreement so that it could comply with the Antitrust Decree. IBC has fully performed its material obligations under the License Agreement pursuant to the Antitrust Decree because, otherwise, IBC would have violated the Antitrust Decree.

23. Accordingly, the License Agreement is not an executory contract which the Debtors can reject or assume and assign under 11 U.S.C. § 365.

**WHEREFORE**, Lewis Brothers Bakeries Incorporated and Chicago Baking Company respectfully request that this Court enter an order:

a. declaring that the License Agreement is not an executory contract within the meaning of 11 U.S.C. § 365; and,

b. granting such other relief that this Court deems just and proper.

Dated: December 1, 2008                              Respectfully submitted,

LEWIS BROTHERS BAKERIES
INCORPORATED AND CHICAGO
BAKING COMPANY

 s/ Leslie A. Greathouse
Leslie A. Greathouse          MO #48431
Eric Johnson                  MO # 53131
Spencer Fane Britt & Browne LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106-2140
816-474-8100
816-474-3216 (fax)

AND

Eugene J. Geekie, Jr.         Pro Hac Vice
Zhiyuan "Mike" Xu
Schiff Hardin, LLP
6600 Sears Tower
Chicago, IL 60606
Tel: (312) 258-5500
Fax: (312) 258-5600

5

WA 999874.2